IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JASON TERHUNE,                      )
                                    )
            Plaintiff,              )    No. 6:11-cv-6049-AA
                                    )
      v.                            )    ORDER
                                    )
CITY OF SALEM, MARION COUNTY,       )
JASON BERNARDS, SEAN COOPER, and    )
ANASTASIA REJAIAN, fka LUCCA,       )
                                    )
            Defendants.             )
                                    )
_____ )

AIKEN, Chief Judge:

      Plaintiff brings this action asserting lack of probable cause

for arrest, excessive force, battery, negligence, and intentional

infliction of severe emotional distress (IIED), related to his

arrest on December 13, 2009.

      The court has reviewed the depositions of those involved in

1 - ORDER

plaintiff's arrest as well as video recordings from security cameras. Viewing the evidence in light most favorable to plaintiff reveals the following:

At approximately 1:00 am on December 13, 2009, Marion County Sheriff's deputy Jerry Wollenschlaeger called for cover at the Rac N'Cue pool hall and bar in Salem, Oregon due to a large fight involving weapons. Defendants deputies Jason Bernards and Stacy Rejaian responded and discovered a large crowd of people as well as several police cars and fire trucks.

Defendant Salem Police Officer Sean Cooper was inside the bar before Bernards and Rejaian arrived and was involved in a confrontation with plaintiff Jason Terhune. Deputies Bernards and Rejaian approached the door of the bar and Bernards saw Cooper pushing plaintiff out the door. At that point, Cooper said something like "can you handle him" to Bernards. Plaintiff, who exited walking backwards, was turned toward Cooper and took a two or three steps backwards with his hands up when Bernards grabbed him and forced him to the ground. Immediately prior to the take down, plaintiff glanced at deputy Rejaian as she ran towards him. Less than five seconds elapsed from the time plaintiff left the bar until Bernards grabbed him from behind and force plaintiff to the ground.

Officer Cooper had not placed plaintiff under arrest, and did not intend to convey to the other officers present that plaintiff

2 - ORDER

was under arrest.  After Bernards took plaintiff to the ground, he yelled at plaintiff to put his hands behind his back and gave him "three focused blows," one to the ear and two to his shoulder blade area.  Bernards also applied a Taser to plaintiff.  In addition, deputy Rejaian applied a Taser.  Bernards then handcuffed and placed plaintiff under arrest for interfering with a peace officer. The Marion County District Attorney moved to voluntarily dismiss the charge, in the interest of justice, on March 9, 2010, which the court granted on March 10, 2010.

Plaintiff alleges he suffered a blow to the head rendering him unconscious when Bernards forced him to the ground.  Plaintiff alleges he was never hostile or threatening during his encounter with Cooper or his encounter Bernards and Rejaian.  Defendants move for summary judgment contending that the force used was reasonable, that Bernards reasonably believed that plaintiff committed the offense of interference with a peace officer, and that their conduct did not amount to an extraordinary transgression of the bounds of socially tolerable conduct.


A.    Excessive Force

Plaintiff asserts a claim for excessive force against defendant deputies Bernards and Rejaian under 42 U.S.C. § 1983.

The Fourth Amendment requires police officers making an arrest to use only an amount of force that is objectively reasonable in

3 - ORDER

light of the circumstances facing them.   Tennessee v. Garner, 471
U.S. 1, 7-8 (1985).   To determine whether a specific use of force
is reasonable, courts balance "the nature and quality of the
intrusion on the individual's Fourth Amendment interests against
the countervailing government interests at stake."   Graham v.
Connor, 490 U.S. 386, 396 (1989).   Relevant factors to this inquiry
include, but are not limited to, "the severity of the crime at
issue, whether the suspect poses an immediate threat to the safety
of the officers or others, and whether he is actively resisting
arrest or attempting to evade arrest by flight."   Id.   When
appropriate, a reasonableness determination must also make
"allowance for the fact that police officers are often forced to
make split-second judgments—in circumstances that are tense,
uncertain, and rapidly evolving—about the amount of force that is
necessary in a particular situation."   Id. at 396-97.   Reasonable
force is that force which is necessary to secure the safety of the
officers during an arrest.   Graham, 490 U.S. at 395.   Police
officers are not required to pursue the least intrusive degree of
force when force is reasonably necessary.   Cady v. Dombrowski, 413
U.S. 433, 447 (1973).

Bernards believed plaintiff had committed the crime of
interfering with a peace officer because, he asserts, plaintiff
struggled with Cooper, yelled and screamed, resisted attempts to
get him through the door, ignored an order to put his hands behind

his back, and was going after deputy Rejaian as a path of least resistance for escape or to attack. Bernards further asserts that because plaintiff is large and he did not know if he had a weapon, it was necessary to grab him and throw him to the ground.

Plaintiff asserts that he was not resisting Cooper and Cooper states he did not intend plaintiff to be arrested. Plaintiff also asserts that he was not told to stop or put his hands behind his back before he was tackled. In addition, the video demonstrates that plaintiff took about two steps backwards out the door with his hands raised and Bernards immediately grabbed him from behind and threw him to the ground and that Rejaian ran at plaintiff. A trier of fact would not be required to conclude that plaintiff was committing the crime of interfering with a peace officer or that the degree of force utilized, or any force, was reasonably necessary. The motion for summary judgment on the excessive force claim is denied.


B.   Probable Cause to Arrest

Plaintiff asserts a claim for lack of probable cause to arrest against defendant deputies Bernards and Rejaian under 42 U.S.C. § 1983.

Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a prudent person to believe that a suspect

5 - ORDER

has committed, is committing, or is about to commit a crime. United States v. Hoyos, 892 F.2d 1387, 1392 (9th Cir. 1989). The question is whether the arresting officer's actions are objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation. Graham v. Connor, 490 U.S. 386, 397 (1989).

A person commits the crime of interfering with a peace officer if the person knows another person is a peace officer and

> Intentionally acts in a manner that prevents, or attempts to prevent, a peace officer or parole and probation officer from performing the lawful duties of the officer with regards to another person; or ...
>
> Refuses to obey a lawful order by the peace officer or parole and probation officer.

O.R.S. § 162.247(1).

There are at least issues of fact as whether plaintiff was confrontational with officer Cooper. In addition, there are issues of fact as to whether plaintiff disobeyed the any lawful orders officer Bernards may have made. The motion for summary judgment as to this claim is denied.

C.    Battery

Plaintiff alleges that defendants' use of force constituted battery.

6 - ORDER

> To constitute liability for a battery, the conduct which
> brings about the harm must be an act of volition on the
> actor's part, and the actor must have intended to bring
> about a harmful or offensive contact or put the other
> party in apprehension thereof. 1 Harper & James, The Law
> of Torts 215-17, § 3.3 (1956). It is not necessary that
> the contact do actual physical harm—it is sufficient if
> the contact is offensive or insulting.

Bakker v. Baza'r, Inc., 275 Or. 245, 249 (1976).

Defendants argue that the use of force was reasonable in this case and that there is no evidence that they acted with the specific intent to cause harm. However, if the use of force was not reasonable in this case, a trier of fact could certainly conclude that the defendants intended to throw plaintiff to the ground and use a Taser on him with the goal of bringing about harm or apprehension of harm. The motion for summary judgment is denied as to this claim.


D. Negligence

Plaintiff alleges that defendant Marion County owed a duty to him prevent its officers from using excessive force and from arresting him without probable cause and, therefore, it was negligent when its officers engaged in such conduct.

To prevail on his negligence claim, plaintiff must plead and prove that

> (1) that defendant's conduct caused a foreseeable risk of
> harm, (2) that the risk is to an interest of a kind that

7 - ORDER

the law protects against negligent invasion, (3) that defendant's conduct was unreasonable in light of the risk, (4) that the conduct was a cause of plaintiff's harm, and (5) that plaintiff was within the class of persons and plaintiff's injury was within the general type of potential incidents and injuries that made defendant's conduct negligent.

Solberg v. Johnson, 306 Or. 484, 490-91 (1988).

Defendants contend that plaintiff fails to allege that it was foreseeable on the part of Marion County that deputies Bernards and Rejaian would act unlawfully. However, Marion County is responsible for the tortious conduct of its employees under O.R.S. 30.265(1).

Defendants also argue that Oregon does not include a tort for negligent arrest. The case cited by defendants does not support this proposition. Moreover, a police officer can be held liable for negligence for the manner in which an arrest is effected if he proves the elements noted above. Cf. Ballard v. City of Albany, 221 Or.App. 630 (2008) (considering whether use of police dog during arrest amounts to negligence). The motion for summary judgment as to this claim is denied.

E.   IIED

An IIED claim requires plaintiff to prove three elements: (1) that defendants intended to cause plaintiff severe emotional distress or knew with substantial certainty that their conduct would cause such distress; (2) that defendants engaged in

8 - ORDER

outrageous conduct, i.e., conduct extraordinarily beyond the bounds of socially tolerable behavior; and (3) that defendants' conduct in fact caused plaintiff severe emotional distress. <u>McGanty v. Staudenraus</u>, 321 Or. 532, 543 (1995).

Defendants contend there is no evidence to support intent or outrageous conduct. An actor who uses intentional force to a such a degree as to require medical attention and cause unconsciousness should know with substantial certainty that their conduct would cause severe distress.

Whether conduct is an extraordinary transgression is a fact-specific inquiry, to be considered on a case-by-case basis, based on the totality of the circumstances. The inquiry looks at whether the offensiveness of the conduct exceeds any reasonable limit of social toleration, which is a judgment of social standards rather than of specific occurrences. <u>Hall v. The May Dept. Stores</u>, 292 Or. 131, 137(1981). There are several factors that can guide the determination, such as the relationship between the plaintiff and the defendant and the setting of the conduct.

Certainly police officers are privileged to use force to effect an arrest when reasonably necessary and such conduct is not outrageous. However, while due consideration should be given to the extraordinary demands of day-to-day police work,

> police officers exercise special authority and, because of that authority, they are, in some circumstances, subject to special standards of conduct. Thus, conduct that would not be exceptionable for a private citizen may

9 - ORDER

represent an extraordinary transgression by a police
officer.

Mauri v. Smith, 135 Or.App. 662, 675-76 (1995) (reversed on other
grounds, 324 Or. 476 (1996)).

Accordingly, a police officer can be held liable for IIED when
engaging in extreme abuse of his position. Id. Inflicting
substantial physical harm by throwing a person to the ground
causing their head to strike the curb, hitting their ear, and
applying a Taser without justification could amount to an
extraordinary transgression of the bounds of socially tolerable
conduct. The motion for summary judgment on this claim is denied.

CONCLUSION

For the reasons stated above, defendants' motion for partial
summary judgment (#55) is denied.

DATED this _1ST_ day of ~~March~~ April, 2013.

_____
Ann Aiken
United States District Judge

10 - ORDER